UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMMANUEL SKOUNTZOS,

                Petitioner,

- against -

FEDERAL BUREAU OF PRISONS,
FEDERAL CORRECTIONAL
INSTITUTION OTISVILLE SATELLITE
CAMP,

                Respondent.

**ORDER**

24 Civ. 3317 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        On April 30, 2024, Petitioner Emmanuel Skountzos – then an inmate at Federal Correctional Institution Otisville – filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. For the reasons stated below, Petitioner's motion will be denied as moot.

## BACKGROUND

        On September 11, 2023, Skountzos pled guilty to tax evasion for the 2015 tax year, in violation of 26 U.S.C. § 7201. (See United States v. Skountzos, 23 Cr. 473 (Dkt. No. 17) (Plea Tr.) at 18:21-20:15)

        On February 8, 2024, Skountzos was sentenced to 60 days' imprisonment, followed by three years' supervised release. (Id. (Dkt. No. 24) (Sentencing Tr.) at 12:19-14:12); see also id. (Dkt. No. 21) (Judgment))

        On April 30, 2024, Skountzos petitioned for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (See Skountzos v. Federal Bureau of Prisons, 24 Civ. 3317 (Dkt. No. 1) (Petition)) At that time, Skountzos was serving his sentence at FCI Otisville, and was scheduled to be released on May 8, 2024. (Id. at 9) The Petition challenged the execution of his sentence,

arguing that the Bureau of Prisons deprived him of "ten days" of credits to which he was entitled under the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194. (Id. at 2) Skountzos requested immediate "release[] from Prison," rather than his scheduled release date of May 8, 2024. (Id. at 7)

On May 2, 2024, this Court accepted the case as related to the underlying criminal case, United States v. Skountzos, 23 Cr. 473. (Skountzos v. Federal Bureau of Prisons, 24 Civ. 3317 (Dkt. No. 4)) That same day, this Court directed the Government to respond to Skountzos's petition. (Id.) In a May 3, 2024 letter, the Government states that

> [b]ased on its consultations with Bureau of Prisons ("BOP") staff, the Government understands that an error in the computer system used to calculate Skountzos's FSA time credits resulted in the erroneous withholding of ten days of time credits. That error was corrected today, and the application of the ten FSA credits makes Skountzos eligible for release. BOP staff are making arrangements to have Skountzos released today, May 3, 2024.

(Id. (Dkt. No. 6))

On May 3, 2024 – five days before his original release date – Skountzos was released from FCI Otisville. See https://www.bop.gov/inmateloc (last visited on May 6, 2024) (indicating that Petitioner Skountzos, Register No. 77416-510, was released on May 3, 2024) Skountzos has commenced his three-year term of supervised release.

## DISCUSSION

Under 28 U.S.C. § 2241, courts may grant a writ of habeas corpus to any petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001); see also Dailey v. Pullen, No. 22 Civ. 1121 (SRU), 2023 WL 3456696, at *2 (D. Conn.

2

May 15, 2023) (finding a "petition arising under section 2241" an "appropriate vehicle for challenging the computation of a prisoner's sentence" and applying earned First Step Act credits).

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit ([i.e.,] subject-matter jurisdiction) . . . ." Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007). "A case becomes moot if, at any stage of the proceedings, it fails to satisfy the case-or-controversy requirement of Article III" of the Constitution. Kamagate v. Ashcroft, 385 F.3d 144, 150 (2d Cir. 2004) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)). To satisfy the "case or controversy" requirement, a petitioner must demonstrate that he has "suffered, or [is] threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); accord United States v. Blackburn, 461 F.3d 259, 261 (2d Cir. 2006) (same).

Where a petitioner is incarcerated, his "challenge to the validity [or execution] of his conviction always satisfies the case-or-controversy requirement." Spencer, 523 U.S. at 7; see also Baez v. Tellez, No. 21 Civ. 4760 (DC), 2023 WL 2020962, at *2 (E.D.N.Y. Feb. 15, 2023) (applying Spencer to Section 2241 petitioner's challenge regarding application of First Step Act credits to his sentence). Where a petitioner is released from custody, however, he "must show some 'collateral consequence' of the conviction, meaning 'some concrete and continuing injury other than the now-ended incarceration or parole,' to establish a live case or controversy." Swaby v. Ashcroft, 357 F.3d 156, 160 (2d Cir. 2004) (quoting Spencer, 523 U.S. at 7); Baez, 2023 WL 2020962, at *2 (noting that a released petitioner's request for Section 2241 relief becomes moot unless "there remains 'some concrete and continuing injury' despite the release").

3

Skountzos was in detention at the time he filed his habeas petition on April 30, 2024. He did not challenge his underlying sentence, or seek to modify his term of supervised release. Instead, his only challenge is to "how his sentence term [was] computed," and his only requested relief is to "immediately award[]" the ten-day credit under the First Step Act and for "the [Petitioner] herein [to be] released from Prison rather than on May 8, 2024." (Skountzos v. Federal Bureau of Prisons, 24 Civ. 3317 (Dkt. No. 1) at 2, 4, 7)

Given that Petitioner was released from federal custody on or around May 3, 2024, he has received the relief he requested. Moreover, Petitioner has not alleged or demonstrated a concrete and continuing injury stemming from the calculations. See Baez, 2023 WL 2020962, at *2. In sum, there is no case or controversy for which this Court could grant any relief, see Kamagate, 385 F.3d at 150, and the case must be dismissed for lack of jurisdiction. See Blackburn, 461 F.3d at 261.

## CONCLUSION

For the reasons stated above, Petitioner's request for relief under 28 U.S.C. § 2241 is denied as moot. The Clerk of Court is directed to terminate the petition (Dkt. No. 1), and to close this case.

Dated: New York, New York
      May 6, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge